**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------x
In re:                                              :          Chapter 7
                                                    :
                                                    :
John M. Cannone,                                    :
     Debtor.                                        :          Case No.: 08-50556 (AHWS)
                                                    :
                                                    :
---------------------------------------------------------x
Eldorado Holdings, Inc.,                            :
     Plaintiff,                                     :
                                                    :
                                                    :
v.                                                  :          Adv. Proc. No.: 08-5082
                                                    :
                                                    :
                                                    :
John M. Cannone,                                    :
     Defendant.                                     :
---------------------------------------------------------x

APPEARANCES:

Janine M. Becker, Esq.                              Attorney for Plaintiff
3296 Main Street
Bridgeport, CT 06606

Richard A. Johnson, Esq.                            Attorney for Defendant
799 Silver Lane
Trumbull, CT 06611

**MEMORANDUM AND ORDER ON COMPLAINT OBJECTING
TO DISCHARGE OF DEBT UNDER 11 U. S. C. § 523(a)(2)(A)**

Alan H. W. Shiff, United States Bankruptcy Judge:

      The defendant, John M. Cannone, commenced this chapter 7 bankruptcy case

on June 25, 2008.  On September 18, 2008, the plaintiff, Eldorado Holdings, Inc., filed

this adversary proceeding, seeking a determination under 11 U.S.C. § 523(a)(2)(A) that a debt owed to it is nondischargeable.  For the reasons that follow, judgment shall enter in favor of the defendant.

## BACKGROUND

On July 17, 2006, the defendant, individually and as a member of JCR, Realty, Inc. ("JCR") (collectively, the "Tenants"), entered into a lease of the plaintiff's premises at 100 Technology Dr., Trumbull, Connecticut ("Premises").  (Pl.'s Ex. B.)  The lease was also signed by Shash V. Patel, the defendant's business partner.  (Pl.'s Ex. B.)  The plaintiff requested a personal guarantee from the defendant, and, on July 10, 2006, the defendant complied with that request.  (Pl.'s Ex. C.)  However, the plaintiff did not require Patel to sign a personal guarantee; rather, it agreed to receive and on July 17, 2006 did receive a personal guarantee from Aristede Seri (Pl.'s Ex. D) because the defendant stated that *Seri was holding Patel's properties*, *pending the outcome of Patel's divorce, i.e., Seri was holding the property <u>only</u> as an accommodation to Patel.* (*E.g.*, Tr. 9:10-14 June 11, 2010.)  That statement is the basis upon which this adversary proceeding was commenced.  Sometime thereafter, the Tenants breached the lease which prompted the plaintiff to commence an action in Connecticut state court to collect approximately $210,000 in damages.  (Tr. 23:8-9.)

## DISCUSSION

The public policy promoted by bankruptcy allows "honest but unfortunate"

debtors an opportunity to reorder their financial affairs and obtain a fresh start. *Cohen v. de la Cruz*, 523 U.S. 213, 217 (1998). That policy is accomplished by, *inter alia*, a discharge of certain preexisting debts. *See* 11 U.S.C. § 523(a). The party objecting to the discharge of a debt bears the burden of proof by a preponderance of the evidence that the requirements of the relevant subsection, here § 523(a)(2)(A), have been satisfied. *See* Fed. R. Bank. P. 4005; *Grogan v. Garner*, 498 U.S. 279, 291 (1991); *In re Pierce*, 323 B.R. 21, 27 (Bankr. D. Conn. 2005). It is widely understood that debts claimed to be excepted from discharge should be narrowly construed. *See e.g.*, *In re Bonnanzio*, 91 F.3d 296, 300 (2d Cir. 1996) (internal citations omitted); *In re Landrin*, 173 B.R. 307, 310 (Bankr. S.D.N.Y. 1994).

In relevant part § 523(a) provides:

> A discharge under section 727 . . . does not discharge an individual debtor from any debt —
> (2) for money . . . to the extent obtained, by —
> (A) false pretenses, a false representation, or actual fraud . . . .

11 U.S.C. § 523(a)(2)(A) (2009).

In order to prove that a debt is nondischargeable under § 523(a)(2)(A), a plaintiff must satisfy each of the following:

> (1) the debtor made a false statement;
>
> (2) the debtor knew it was false at the time it was made;
>
> (3) the debtor made the statement with the intention and purpose of deceiving the creditor or inducing the creditor to act to the creditor's detriment;

>   (4) the creditor relied on the statement to the creditor's detriment; and
>
>   (5) the false statement was the proximate cause of the creditor's loss.

*E.g.*, *In re Roberti*, 183 B.R. 991, 1005 (Bankr. D. Conn. 1995).

Here, the plaintiff has not established the first prong of the § 523(a)(2)(A) test: that the defendant made a false statement. In support of its claim, the plaintiff's employee, Mr. Goldman, who was the project manager of the Premises, testified that during the course of their negotiations, the defendant told him that "Patel transferred all of his assets to Mr. Seri for the purpose of avoiding some additional responsibilities during the divorce proceedings." (Tr. 9:10-14.) That statement was true. On September 24, 2003, Patel executed a quitclaim deed, recorded on October 2, 2003, transferring five properties to Seri. (Pl.'s Ex. E.) On that same date, Seri quitclaimed the same property back to Patel, but did not record it until September 25, 2006, more than three years after the deed was signed and more than two months after the lease was executed. The existence of the second quitclaim deed did not make the defendant's statement false .

The court's analysis need not continue. Nonetheless, it is worthy of note that the plaintiff failed to establish that the defendant intended to deceive the plaintiff. Again, the evidence supports a contrary conclusion:

>   (1) the defendant informed the plaintiff about Patel's circumstances and his desire to hide assets from his wife and the state court (*e.g.*,

Tr. 9:10-14);

(2) the defendant informed the plaintiff that Seri was holding Patel's assets pending the outcome of Patel's divorce (*e.g.*, Tr. 9:11-12);

(3) in lieu of Patel guaranteeing the lease, the defendant presented the plaintiff with Seri, who was willing to personally guarantee the lease (*e.g.*, Tr. 9:14-17);

(4) the defendant never stated to the plaintiff that Seri would have any other role in the business other than serving as a guarantor on the lease (Tr. 10:20-23);

(5) Mr. Goldman testified that the plaintiff would have taken a personal guarantee from anyone (Tr. 29:12018);

(6) the plaintiff willingly accepted a personal guarantee from Seri in lieu of receiving one from Patel (Pl.'s Ex. D); and

(7) Nothing in the record indicates that the plaintiff failed to receive a personal guarantee from Patel for any reason other than its desire not to interfere with Patel's scheme to defraud his wife and the Connecticut state court.

Finally, there was an abject failure to offer any evidence that the plaintiff justifiably relied on the defendant's statement, even assuming that the other requirements had been satisfied. Yet again, the evidence supports a contrary conclusion. The plaintiff failed to conduct any investigation whatsoever into the background of the defendant, Patel, Seri or JCR. For example, the plaintiff failed to order credit reports, perform title searches, and obtain financial statements and tax returns. (Tr. 26-28:1-10.) In sum, there was an absence of a showing of justifiable reliance.

## CONCLUSION

For the foregoing reasons, the plaintiff has failed to prove the requisite elements of § 523(a)(2)(A). Accordingly, judgment shall enter in favor of the defendant, and IT IS SO ORDERED.

Dated this 16th day of July 2010 at Bridgeport, Connecticut.

Alan H. W. Shiff
United States Bankruptcy Judge